UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE M. CRANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     16-CV-1416 |
| | ) |
| WARDEN GREG GOSSETT, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff filed this case pro se after his release from prison. His Complaint is not subject to a merit review under 28 U.S.C. § 1915A because he did not file this case as a prisoner. However, Plaintiff does seek leave to proceed in forma pauperis. The Court grants leave to proceed in forma pauperis only if the allegations state federal claims. Accordingly, the Court performs a similar review of the Complaint as the Court would under the merit review procedures.

Plaintiff alleges that Defendants conspired to keep him in prison beyond his mandatory supervised release date by providing

false reasons for refusing his release and by failing to give him notice of parole board hearings.

At this point, the Court cannot rule out a possible Eighth Amendment claim that Defendants were deliberately indifferent to Plaintiff being kept in prison past his release date.  The Court also cannot rule out a possible procedural due process claim regarding the parole review board hearing or hearings.

Service will be attempted on Defendants.  However, Plaintiff must provide addresses for Defendant Ruffin and Defendant Davey so they can be served.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's in forma pauperis petition is granted (3). Plaintiff states the following constitutional claims:  Eighth Amendment claim for incarceration past his release date; and, Fourteenth Amendment claim for procedural due process violations in hearings before the parole review board.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) **By November 14, 2016, Plaintiff is directed to file addresses for Defendants Davey and Ruffin.  Failure to do so may result in the dismissal of Davey and Ruffin without prejudice.**

3) **By November 21, 2016, Plaintiff is directed to file an amended petition to proceed in forma pauperis setting forth all his assets, debts, income, and liabilities.  Failure to do so may result in the revocation of Plaintiff's in forma pauperis status.**

4) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) Plaintiff's motion for the Court to try to recruit pro bono counsel to represent him is denied (18), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).  This typically requires writing to several lawyers and

attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

6) The Court will attempt service on Defendants by mailing each Defendant a waiver of service at the address listed by Plaintiff. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)   Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

9)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11)  Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12)  **The clerk is directed to send Plaintiff an in forma pauperis petition for non-prisoners.**

13)  **The clerk is directed to send waivers of service to Defendants Gossett, Pardieck, and Davey, along with a copy of the complaint.**

ENTERED:   November 2, 2016

FOR THE COURT:

 **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
